THE KING *vs.* CHUNG YOUNG, WONG KUI, LONG SEE and LOW BACK.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, JULY 26, 1890. DECISION, AUGUST 22, 1890.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The license for the Chinese Theatre contained a condition, "There shall be no playing of musical instruments, beating of gongs and other noisy musical instruments later than 10 o'clock at night."

Held, that the Minister of the Interior had authority to insert conditions in the license, but they must be reasonable. That the condition was not reasonable.

OPINION OF THE COURT, BY BICKERTON, J.

The defendants were charged in the Police Court of Honolulu on the 28th of May, 1890, as follows : " Playing noisy instruments after 10 P. M., on May 26th, 1890, in Honolulu, contrary to the terms of their theatrical license, and contrary to Section 98 of the Civil Code as amended."

After a number of continuances, on June 9th, 1890, defendants' counsel filed the following : " It is admitted by defendants that they used noisy instruments in the Chinese Theatre during a theatrical exhibition on the evening of May 26th, 1890, after 10 o'clock."

June 12th, defendants were found guilty and were fined one dollar each and costs. Defendants then appealed to this Court on two points of law : First, " That said judgment should have been rendered in favor of defendants because the Minister of the Interior has no authority to issue any license for carrying on a theatrical exhibition subject to any conditions which are not authorized by the statutes of the Kingdom. Second, " That the conditions in defendants' license, for the breach whereof judg-

ment was rendered against them, were contrary to Articles I.,
IX. and XIV. of the Constitution of the Kingdom."

### By the Court:

Section 96, Compiled Laws, provides that "the Minister of
the Interior may license any theatre, circus   *   *   *   for such
time, not exceeding one year, and upon such terms and condi-
tions as he may think reasonable "   *   *   *   .   Section 98
provides the penalty for the violation of the terms and condi-
tions of such license.

The first license containing a condition in regard to musical
instruments is dated May 22d, 1890.   The conditions reads:
"Provided there shall be no playing of musical instruments,
beating of gongs and other noisy musical instruments later than
10 o'clock at night."   The next license is dated May 26th, 1890,
and contains the same condition, in the same words ; this is the
license under which the defendants were charged and prosecuted.
It is contended by counsel for defendant that this condition or
restriction was unreasonable.   It would seem from the papers
before us that the Minister was of the same mind, for in the license
dated June 27th, 1890, the condition reads :   "Provided that
there shall be no beating of gongs or playing upon noisy instru-
ments later than 10 o'clock P. M., and that no musical instru-
ments of any kind shall be played later than 11:30 P. M."   June
30th, this hour was changed to 11 o'clock P. M., and continues
the same up to July 25th, the date of the last license before us.

There is no doubt that the statute gives the Minister of the
Interior authority to impose terms, restrictions and conditions
in licenses for theatres, exhibitions, circuses and shows, but they
must be reasonable, not restrictions that would so cripple an
entertainment that it would cease to be what it was intended
to be.   For instance, it would be an unreasonable condition to
make in a license, issued to an opera company performing here,
that they should not use certain instruments in their or-
chestra because they were noisy, or that the chorus should not
sing after 10 o'clock, because they made more noise than a per-
son singing a solo, notwithstanding the fact that the perfor-

mance might not be finished by that hour. And further, as in this case, to make it a condition that after 10 P. M. there should be no playing of musical instruments at all. That is the condition in the license dated May 26th, the one under which defendants are charged, and the only one that we have under consideration in this case. Ten o'clock P. M. is not an unseasonable hour, and perhaps 11 P. M. might be considered the same, to which a public entertainment might be extended. Theatrical performances and entertainments of that nature rarely terminate before 11 P. M. The law as regards licenses must apply equally to all classes of people, and the entertainments peculiar to any class or nationality, let it be a Chinese theatre, Italian opera, English opera, or dramatical entertainment. It would not be contended for one moment that the Minister has authority to make a condition in a license that the performance must be in any particular language.

We are of the opinion that the condition in the license of May 26th, 1890, is unreasonable and unjust. Having come to this conclusion, it is not necessary to consider the second point certified up.

The judgment of the Police Court is reversed, and the defendants discharged.

*W. R. Castle*, for prosecution.

*P. Neumann*, for defendants.